# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0420V
Filed: April 29, 2019
UNPUBLISHED

|  |  |
|---|---|
| DAWN L. BONSALL, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Petitioner's Motion for a Decision Dismissing Petition; Influenza (Flu) Vaccine; Guillain-Barré Syndrome (GBS); Vaccine Act Entitlement; Denial Without Hearing; Special Processing Unit (SPU) |

*Miriam Johnson*, Berman & Simmons, Lewiston, ME, for petitioner.
*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION [1]

**Dorsey**, Chief Special Master:

On March 20, 2019, Dawn L. Bonsall ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program").[3] Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination received in October 2015. Petition at 1. The information in the record does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On April 23, 2019, petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. (ECF No. 10). Petitioner indicated in her motion that "[a] full review of all relevant medical records and billing statements has demonstrated to the Petitioner that she will not be able to prove that she is entitled to compensation in the Vaccine Program." *Id.* at ¶ 3. Petitioner further indicated that she "understands that a decision against her by the Special Master will result in a judgement against her. [Petitioner] has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* at ¶ 5.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that petitioner was injured by a vaccine. For these reasons, and in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master