# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-0420V
(not to be published)

|  |  |
|---|---|
| DAWN L. BONSALL,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Miriam A. Johnson, Berman & Simmons, P.A., Lewiston, ME, for Petitioner.*

*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On March 20, 2019, Dawn L. Bonsall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she received an influenza vaccine in October 2015, and thereafter suffered Guillain-Barré syndrome ("GBS") from the vaccination. (Petition at 1). On April 23, 2019, thirty-three days after the filing, Petitioner filed a motion to voluntarily dismiss her claim. (ECF No. 10). On April 29, 2019, a decision was issued by

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

then-Chief Special Master Dorsey dismissing the petitioner for insufficient proof. (ECF No. 11).

Petitioner has now filed a motion for attorney's fees and costs, dated November 22, 2019 (ECF No. 14), requesting a total award of $13,380.50 (representing $12,112.50 in fees and $1,268.00 in costs). Respondent reacted to the motion on November 25, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded.  (ECF No. 15). An order was filed on January 6, 2020, stating that Petitioner had failed to file supporting documentation for her request for attorney costs and the General Order #9, and requesting this documentation be filed on or before January 21, 2020.  (ECF No. 16). On January 24, 2020, Petitioner filed her reply and included the missing documentation from the scheduling order.[3] Petitioner filed a signed statement indicating she incurred no out of pocket expenses. (ECF No. 18-2).

For the reasons discussed below, I **DENY** Petitioner's motion for fees and costs.

## I.    Procedural History

As the filed billing records reveal, Miriam A. Johnson, counsel for Petitioner, met with Petitioner in her home on January 16, 2019, due to her being housebound from her alleged GBS. (ECF No. 14-1 at 2). Petitioner asserts that her injury was due to an influenza vaccine received sometime in October 2015, with onset likely sometime that same fall. Because the claim was filed more than three years from onset, it was literally untimely under the Act's three-year limitations period – but could be saved by the Act's "lookback" provision, since it asserted a flu-GBS Table claim, and did so in accordance with the lookback's requirements.[4] Ms. Johnson proceeded to file the petition on March

---

[3] Petitioner originally filed her reply and requested documentation on January 21, 2020. (ECF NO. 17). This document was stricken due to a typographical error.

[4] Under the Vaccine Act, a person who has sustained a vaccine-related injury must file a claim within 36 months of the onset of the symptoms of the injury. Section 16(a)(2). This would mean that Ms. Bonsall's claim ordinarily should have been filed by no later than sometime in the fall of 2018 – not March 2019.

However, pursuant to Section 16(b), "[i]f at any time the Vaccine Injury Table is revised and the effect of such revision is to permit an individual who was not, before such revision, eligible to seek compensation under the Program, or to significantly increase the likelihood of obtaining compensation, such person may . . . file a petition for such compensation not later than 2 years after the effective date of the revision."  GBS was added to the Table on March 21, 2017, and the lookback allows otherwise-untimely Table claims to be filed if (a) the claim is asserted within two years of the Table's amendment, and (b) the vaccine-related injury is alleged to have occurred not more than eight years before the amendment. *Id.* Both requirements were satisfied here (although I do not find that the claim stated a cognizable Table claim).

20, 2019, prior to receiving all of the medical and billing records, based on her determination that she needed to file the case within two years of the Table's amendment in 2017. (ECF No. 1).

Petitioner filed a motion for an enlargement of time to file records on March 29, 2019, as she was still waiting for records from Health Access Network for a "full evaluation" of Petitioner's claim. (ECF No. 9). By April 23, 2019, however, Petitioner proceeded to file her motion to dismiss, claiming "all relevant medical records and billing statement [have] demonstrated to the Petitioner that she will not be able to prove that she is entitle to compensation in the Vaccine Program." (ECF No. 10). The case was dismissed for insufficient proof on April 29, 2019, by then-Chief Special Master Dorsey. (ECF No. 11).

## II.     Analysis

Although Respondent has not challenged the claim's reasonable basis, it is within my discretion (in the context of evaluating the reasonableness of <u>any</u> fee request, independent of Respondent's objections) to consider whether the claim had sufficient reasonable basis to be brought, as this is a keystone requirement for obtaining a fee award. I find that the claim lacked reasonable basis.

As noted above, there is no record support for Petitioner's assertion that she was ever diagnosed with GBS – and this fact was incontrovertible as of the time the claim was filed.

Petitioner's justification for filing the petition in March 2019 was that the statute of limitations was expiring under the lookback's terms (and thus she could not evaluate the claim before that date). (ECF No. 14-1 at 2). However, as the Federal Circuit has explained, "a looming statute of limitations deadline. . . has no bearing on whether there is a reasonable factual basis 'for the claim' raised in the petition." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 636 (Fed. Cir. 2017). Because Petitioner lacked sufficient evidence to support her claim at the time of filing, invoking the statute of limitations is not a valid argument.

Under the Vaccine Act, an unsuccessful petitioner may be awarded attorney's fees and costs if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." § 15(e)(1). While petitioners are entitled to a presumption of good faith, this presumption does not extend to reasonable basis which must be affirmatively demonstrated by the petitioner.

3

I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g., Allicock v. Sec'y of Health & Human Servs.,* No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), aff'd on other grounds, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.,* No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner must demonstrate the claim's reasonable basis through some objective evidentiary showing. *See Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed. Cl. 303, 303 (2011)). The standard for reasonable basis is lesser (and inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases with reasonable basis (because they have objective proof supporting the claim) can nevertheless still fail to establish causation-in-fact. *Braun v. Sec'y of Health & Human Servs.,* Fed. Cl. 72, 77 (Fed. Cl. 2019).[5]

The totality of the circumstances establish that Petitioner's claim lacked reasonable basis from its inception. Petitioner failed to provide any objective evidence to establish the feasibility of her claim, and the invocation of a looming statute of limitations deadline does not comport with the Program's established case law.  As a result, fees cannot be awarded in this case.

## III.   Conclusion

For the reasons stated above, I conclude that Petitioner has failed to establish that there was a reasonable basis for the claim for which the Petition was brought. Accordingly, I find that an award of attorney's fees and costs to Petitioner is unreasonable, and her motion is **DENIED.** The clerk of the court is directed to enter judgment in accordance with this decision.[6]

---

[5] The Court of Federal Claims recently provided further illumination as to the standards to be used in evaluating whether the totality of the circumstances warrants a finding of reasonable basis. *Cottingham v. Sec'y of Health & Human Servs.,* 134 Fed. Cl. 567, 578 (2017), *appeal docketed*, No. 19-1596 (Fed. Cir. Feb. 26, 2019). A special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim." *Id.* at 574. *But see Amankwaa v. Sec'y of Health & Human Servs.,* 138 Fed. Cl. 282, 289–90 (2018) ("special masters must not consider subjective factors in determining whether a claim has reasonable basis[,]" and should "limit [their] review to the claim alleged in the petition. . . based on the materials submitted") (quoting *Santacroce v. Sec'y of Health & Human Servs.,* No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Spec. Mstr. Jan. 5, 2018)).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master